IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| E. HANLIN BAVELY, CHAPTER 7 | § | |
| TRUSTEE OF AAA SPORTS, INC. | § | |
| *Plaintiff*, | § | |
| | § | Case No. 4:22-cv-00093 |
| v. | § | |
| | § | |
| PANINI AMERICA, INC., | § | |
| *Defendant*. | § | |

## ANSWER AND COUNTERCLAIM

Defendant Panini America, Inc. ("Defendant" or "Panini") answers Plaintiff E. Hanlin Bavely, Chapter 7 Trustee of AAA Sports, Inc.'s ("Plaintiff" or "AAA Sports") Complaint and counterclaims against Plaintiff.

### I.     Introduction

1.      Defendant admits only that this is an action for copyright infringement under the U.S. Copyright Act and alleged violations of the Digital Millennium Copyright Act ("DMCA"). Defendant otherwise denies the allegations contained in this paragraph and specifically denies that it has knowingly, willfully or intentionally violated any of Plaintiff's alleged intellectual property rights.

2.      Defendant denies that Plaintiff is entitled to the damages requested in Paragraph 2.

### II.     Parties

3.      Defendant admits Plaintiff E. Hanlin Bavely is the chapter 7 bankruptcy trustee of AAA Sports.  Except as expressly admitted, Defendant lacks knowledge or information sufficient to form a reasonable belief as to the truth of the remaining allegations contained in Paragraph 3, and therefore denies the same.

4.       Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 4, and therefore denies the same.

5.       Defendant admits the allegations in Paragraph 5.

### III.       Jurisdiction and Venue

6.       Defendant denies that Plaintiff has asserted viable claims under the Copyright Act, the DMCA or any related causes of action.

7.       Defendant admits the allegations in Paragraph 7.

8.       Defendant admits the allegations Paragraph 8.

9.       Defendant admits the allegations in Paragraph 9.

10.       Defendant admits only that venue is proper in this district, but does not waive the right to request transfer to a more convenient forum.  Defendant otherwise denies any allegations in Paragraph 10 that Defendant has committed any acts of infringement.

### IV.       Factual Background

#### A.       AAA Sports

11.       Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 11, and therefore denies same.

12.       Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 12, and therefore denies same.

13.       Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 13, and therefore denies same.

14.       Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 14, and therefore denies same.

15.      Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 15, and therefore denies same.

16.      Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 16, and therefore denies same.

17.      Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 17, and therefore denies same.

18.      Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 18, and therefore denies same.

19.      Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 19, and therefore denies same.

20.      Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 20, and therefore denies same.

21.      Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 21, and therefore denies same.

22.      Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 22, and therefore denies same.

23.      Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 23, and therefore denies same.

**B.      AAA Sports' Copyrighted Works**

24.      Defendant admits only that seven copyright registrations listed in Paragraph 24 have been issued by the U.S. Copyright Office.  Defendant denies the remaining allegations contained in Paragraph 24.

25.      Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 25, and therefore denies same.

26.      Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 26, and therefore denies same.

27.      Defendant denies the allegations in Paragraph 27.

28.      Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 28, and therefore denies same.

29.      Defendant denies that Plaintiff's allegedly copyrighted works bear or depict any copyright management information ("CMI"). Except as expressly denied, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 29, and therefore denies same.

30.      Defendant denies that Plaintiff's allegedly copyrighted works bear or depict any CMI. Except as expressly denied, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 30, and therefore denies same.

31.      Defendant denies that Plaintiff's allegedly copyrighted works bear or depict any CMI. Except as expressly denied, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 31, and therefore denies the same.

32.      Defendant denies that Plaintiff owns any valid or enforceable copyrights. Except as expressly denied, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 32, and therefore denies the same.

33.      Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 33, and therefore denies same.

34.      Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 34, and therefore denies same.

35.      Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 35, and therefore denies same.

36.      Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 36, and therefore denies same.

37.      Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 37, and therefore denies same.

38.      Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 38, and therefore denies same.

39.      Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 39, and therefore denies same.

40.      Defendant denies that Plaintiff owns any valid or enforceable copyrights. Except as expressly denied, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 40, and therefore denies same.

### C.      Bankruptcy Proceedings

41.      Defendant lacks knowledge or information sufficient to form a reasonable belief about the truth of the allegations contained in Paragraph 41, and therefore denies the same.

42.      Defendant lacks knowledge or information sufficient to form a reasonable belief about the truth of the allegations contained in Paragraph 42, and therefore denies the same.

43.      Defendant admits solely that AAA Sports filed a voluntary petition for relief under Chapter 11 of Title 11 of the United States Code in the United States Bankruptcy Court for the Southern District of Ohio.   Defendant lacks knowledge or information sufficient to form a

reasonable belief as to the truth of the remaining allegations contained in the first sentence of paragraph 43, and therefore denies the same.  Defendant admits the allegations contained in the second sentence of Paragraph 43.

44.    Defendant admits the allegations contained in Paragraph 44.

45.    Defendant admits the allegations contained in Paragraph 45.

46.    Defendant admits the allegations contained in Paragraph 46.

47.    Defendant admits the allegations contained in Paragraph 47.

48.    Defendant admits solely that the trustee filed the Complaint and that the trustee serves as a fiduciary of AAA Sports' bankruptcy estate. Defendant denies that the Complaint implicates any "assets" of AAA Sports and lacks knowledge or information sufficient to form a reasonable belief about the truth of the remaining allegations in Paragraph 48, and therefore denies the same.

### V.    General Allegations of Copyright Infringement

49.    Defendant denies the allegations in Paragraph 49.

50.    Defendant denies the allegations in Paragraph 50.

### A.    Panini's Unauthorized Copying of AAA Sports' Copyrighted Works

51.    Defendant admits only that it began using the trademark Stat Smashers in connection with sports trading cards in August 2020. Except as expressly admitted, Defendant denies the allegations in Paragraph 51.

### 1.    Defendant's Alleged Unauthorized Copying of AAA Sports Wild Card's Stat Smashers In Physical Form

52.    Defendant admits only that it began using the trademark Stat Smashers in connection with physical sports trading cards in August 2020, with such cards being offered by

Panini in various packaged releases to the public.  Except as expressly admitted, Defendant denies the allegations in Paragraph 52.

53.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 53, and therefore denies same.

54.     Defendant admits only that it began using the trademark Stat Smashers on or in connection with sports trading cards in August 2020, with such cards being offered by Panini in various packaged releases to the public.

55.     Defendant admits only that it began using the trademark Stat Smashers on or in connection with sports trading cards in August 2020, with such cards being offered by Panini in various packaged releases to the public and with such cards featuring NFL players and teams identified in Paragraph 55.

56.     Defendant denies the allegations in Paragraph 56.

57.     Defendant denies the allegations in Paragraph 57.

58.     Defendant denies the allegations in Paragraph 58.

59.     Defendant denies the allegations in Paragraph 59.

60.     Defendant admits only that an example of Panini's use of the trademark Stat Smashers on or in connection with sports trading cards is shown in Paragraph 60.  Defendant denies the remaining allegations contained in Paragraph 60.

       **2.     Alleged Unauthorized Copying of AAA Sports Wild Card's Stat Smashers In Digital Form**

61.     Defendant admits that since November 2020 it has manufactured and distributed digital sports trading cards bearing the Stat Smashers trademark. Defendant further admits that it inserts sports trading cards bearing the Stat Smashers trademark into digital collections of other sports trading cards. Defendant denies that it has manufactured or distributed any sports trading

cards that infringe on Plaintiff's alleged intellectual property rights. Defendant denies that Plaintiff's allegedly copyrighted works bear any copyright management information. Except as expressly admitted or denied, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 61, and therefore denies the same.

62.    Defendant admits that it has distributed sports trading cards bearing the Stat Smashers trademark on the NFL Blitz mobile app.  Defendant denies that it has distributed any sports trading cards that infringe on Plaintiff's alleged intellectual property rights. Except as expressly admitted or denied, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 62, and therefore denies the same.

63.    Defendant admits that it displays sports trading cards bearing the Stat Smashers trademark on the NFL Blitz mobile app. Defendant denies that it has displayed any sports trading cards that infringe on Plaintiff's alleged intellectual property rights. Except as expressly admitted or denied, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 63, and therefore denies the same.

64.    Defendant admits that it distributes sports trading cards bearing the Stat Smashers trademark on the NFL Blitz mobile app. Defendant denies that it has distributed any sports trading cards that infringe on Plaintiff's alleged intellectual property rights. Except as expressly admitted or denied, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 64, and therefore denies the same.

65.    Defendant denies that it has manufactured or distributed any sports trading cards that infringe on Plaintiff's alleged intellectual property rights. Except as expressly admitted or denied, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 65, and therefore denies the same.

66.     Defendant admits that it distributes digital versions of its sports trading cards bearing the Stat Smashers trademark in sets of 24 cards a piece. Defendant denies that it has distributed any sports trading cards that infringe on Plaintiff's alleged intellectual property rights. Except as expressly admitted or denied, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 66, and therefore denies the same.

67.     Defendant denies that it has manufactured of distributed any sports trading cards that infringe on Plaintiff's alleged intellectual property rights. Except as expressly denied, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 67, and therefore denies the same.

68.     Defendant denies that it has manufactured or distributed any sports trading cards that infringe on Plaintiff's alleged intellectual property rights. Defendant denies that Plaintiff has any valid and enforceable copyrights on the materials referenced in Paragraph 68. Except as expressly denied, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 68, and therefore denies the same.

69.     Defendant admits that it manufactured and distributed the sports trading card reflected in Exhibit 37 at p. 9. Defendant denies that it has manufactured or distributed any sports trading cards that infringe on Plaintiff's alleged intellectual property rights. Except as expressly admitted or denied, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 69, and therefore denies the same.

70.     Defendant admits that it manufactured and distributed the sports trading card reflected in Exhibit 37 at p. 12. Defendant denies that it has manufactured or distributed any sports trading cards that infringe on Plaintiff's alleged intellectual property rights. Except as expressly

admitted or denied, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 70, and therefore denies the same.

71.     Defendant admits that it manufactured and distributed the sports trading card reflected in Exhibit 37 at p. 10. Defendant denies that it has manufactured or distributed any sports trading cards that infringe on Plaintiff's alleged intellectual property rights. Except as expressly admitted or denied, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 71, and therefore denies the same.

### 3.     Alleged Unauthorized Copying of AAA Sports Wild Card's Stat Smashers in the Form of Plates

72.     Defendant admits that it has manufactured and distributed at least 25 different sports trading card printing plates bearing the Stat Smashers trademark. Defendant denies that it has manufactured or distributed any sports trading card printing plates that infringe on Plaintiff's alleged intellectual property rights. Defendant denies that Plaintiff's allegedly copyrighted works bear any copyright management information. Except as expressly admitted or denied, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 72, and therefore denies the same.

73.     Defendant admits that it has manufactured and distributed sports trading card printing plates bearing the Stat Smashers trademark. Defendant denies that it has manufactured or distributed any sports trading card printing plates that infringe on Plaintiff's alleged intellectual property rights. Except as expressly admitted or denied, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 73, and therefore denies the same.

74.     Defendant admits that it has manufactured and distributed the sports trading card printing plate reflected in Exhibits 40 through 42. Defendant denies that it has manufactured or

distributed any sports trading cards printing plates that infringe on Plaintiff's alleged intellectual property rights. Except as expressly admitted or denied, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 72, and therefore denies the same.

### 4.   Alleged Unauthorized Copying of AAA Sports Wild Card's Stat Smashers in Printed Publications.

75.    Defendant admits that it has manufactured and distributed products bearing the Stat Smashers trademark. Defendant denies the remaining allegations in Paragraph 75.

76.    Defendant admits that Exhibit 43 reflects a sell sheet for NFL player Michael Thomas. Defendant denies that it has displayed any materials on sell sheets that infringe on Plaintiff's alleged intellectual property rights. Except as expressly admitted or denied, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 76, and therefore denies the same.

77.    Defendant admits that it has displayed images bearing the Stat Smashers trademark on its blog. Defendant denies that it has displayed any materials on its blog that infringe on Plaintiff's alleged intellectual property rights. Except as expressly admitted or denied, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 77, and therefore denies the same.

78.    Defendant denies the allegations in Paragraph 78.

79.    Defendant denies the allegation in Paragraph 79.

### B.   Panini's Alleged Unauthorized Derivative Works of AAA Sports' Copyrighted Works

11

80.     Defendant admits that it has manufactured and distributed products bearing a Stat Smashers trademark. Except as expressly admitted, Defendant denies the allegations in Paragraph 80.

81.     Defendant denies that it has manufactured or distributed any products that infringe on Plaintiff's alleged intellectual property rights. Except as expressly denied, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 81, and therefore denies the same.

### 1.     Alleged Unauthorized Derivative Works of AAA Sports Wild Card's Stat Smashers in Physical Form

82.     Defendant admits that it has manufactured and distributed products bearing the Stat Smashers trademark. Defendant further admits that it inserts sports trading cards bearing the Stat Smashers trademark into collections of other sports trading cards, such as the 2021 Panini Certified Football card releases. Defendant denies that it has manufactured or distributed any products that infringe on Plaintiff's alleged intellectual property rights. Defendant denies that Plaintiff's allegedly copyrighted works bear any copyright management information. Except as expressly admitted or denied, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 82, and therefore denies the same.

83.     Defendant admits that it has manufactured and distributed at least 25 sports trading cards bearing the Stat Smashers trademark. Defendant denies that it has manufactured or distributed any sports trading cards that infringe on Plaintiff's alleged intellectual property rights. Except as expressly admitted or denied, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 83.

84.     Defendant admits that it has manufactured and distributed sports trading cards bearing the Stat Smashers trademark in physical form. Defendant denies that it has manufactured

or distributed any sports trading cards that infringe on Plaintiff's alleged intellectual property rights. Except as expressly admitted or denied, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 84, and therefore denies the same.

85.     Defendant admits that it has manufactured and distributed sports trading cards bearing the Stat Smashers trademark for the players listed in Paragraph 85. Except as expressly admitted, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 85, and therefore denies the same.

86.     Defendant denies the allegations in Paragraph 86.

87.     Defendant admits that it manufactured and distributed the sports trading card reflected in Exhibit 46. Defendant denies that it has manufactured or distributed any sports trading cards that infringe on Plaintiff's alleged intellectual property rights. Defendant denies that Plaintiff's allegedly copyrighted works bear any copyright management information. Except as expressly admitted or denied, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 87, and therefore denies the same.

88.     Defendant admits that it has manufactured and distributed sports trading cards bearing the Stat Smashers trademark. Defendant denies the remaining allegations in Paragraph 88.

89.     Defendant admits that it manufactured and distributed the sports trading card reflected in Exhibit 46. Defendant denies that it has manufactured or distributed any sports trading cards that infringe on Plaintiff's alleged intellectual property rights. Except as expressly admitted or denied, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 89, and therefore denies the same.

90.     Defendant denies the allegations in Paragraph 90.

91.     Defendant denies the allegations in Paragraph 91.

**2.     Alleged Unauthorized Derivative Works of AAA Sports Wild Car's Stat Smashers in Digital Form.**

92.     Defendant admits that it has manufactured and distributed digital sports trading cards bearing the Stat Smashers trademark. Defendant further admits that it inserts these digital sports trading cards bearing the Stat Smashers trademark into collections of other sports trading cards, such as the 2021 Panini Certified Football card releases. Defendant denies that it has manufactured or distributed any products that infringe on Plaintiff's alleged intellectual property rights. Defendant denies that Plaintiff's allegedly copyrighted works bear any copyright management information. Except as expressly admitted or denied, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 92, and therefore denies the same.

93.     Defendant admits that it manufactures and distributes sports trading cards bearing the Stat Smashers trademark on the NFL Blitz mobile app.  Defendant denies that it has manufactured or distributed any sports trading cards that infringe on Plaintiff's alleged intellectual property rights. Except as expressly admitted or denied, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 93, and therefore denies the same.

94.     Defendant admits that it manufactures and distributes sports trading cards bearing the Stat Smashers trademark on the NFL Blitz mobile app.  Defendant denies that it has manufactured or distributed any sports trading cards that infringe on Plaintiff's alleged intellectual property rights. Except as expressly admitted or denied, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 94, and therefore denies the same.

95.     Defendant admits that it manufactures and distributes sports trading cards bearing the Stat Smashers trademark on the NFL Blitz mobile app.   Defendant denies that it has manufactured or distributed any sports trading cards that infringe on Plaintiff's alleged intellectual property rights. Except as expressly admitted or denied, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 95, and therefore denies the same.

96.     Defendant admits that it has manufactured and distributed the sports trading card reflected in Exhibit 53.  Defendant denies that it has manufactured or distributed any sports trading cards that infringe on Plaintiff's alleged intellectual property rights. Except as expressly admitted or denied, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 96, and therefore denies the same.

97.     Defendant admits that it manufactures and distributes at least two sets of 25 different digital sports trading cards bearing the Stat Smashers trademark. Defendant denies that it manufactures or distributes any sports trading cards that infringe on Plaintiff's alleged intellectual property rights. Except as expressly admitted or denied, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 97, and therefore denies the same.

98.     Defendant admits that it has manufactures and distributed digital trading cards bearing the Stat Smashers trademark. Defendant denies that it has manufactured or distributed any sports trading cards that infringe on Plaintiff's alleged intellectual property rights. Except as expressly admitted or denied, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 98, and therefore denies the same.

99.     Defendant denies the allegations in Paragraph 99.

100.     Defendant admits that it has manufactured and distributed the sports trading card reflected in Exhibit 49 at p. 9. Defendant denies that it has manufactured or distributed any sports trading cards that infringe on Plaintiff's alleged intellectual property rights. Defendant denies that Plaintiff's allegedly copyrighted works bear any copyright management information. Except as expressly admitted or denied, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 100, and therefore denies the same.

101.     Defendant denies the allegations in Paragraph 101.

102.     Defendant admits that it has manufactured and distributed the sports trading card reflected in Exhibit 49 at p. 9. Defendant denies that it has manufactured or distributed any sports trading cards that infringe on Plaintiff's alleged intellectual property rights. Except as expressly admitted or denied, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 102, and therefore denies the same.

103.     Defendant denies the allegations in Paragraph 103.

104.     Defendant denies the allegations in Paragraph 104.

### VI.     General Allegations of Violations of the DMCA

105.     Defendant denies the allegations in Paragraph 105.

106.     Defendant denies the allegations in Paragraph 106.

107.     Defendant denies the allegations in Paragraph 107.

### A.     Alleged Violations of the DMCA Based on Panini's Unauthorized Copying of AAA Sports' Copyrighted Works.

108.     Defendant denies the allegations in Paragraph 108.

### 1.     Alleged DMCA Violations in Physical Trading Cards of AAA Sports Wild Card's  Stat Smashers.

109.     Defendant denies the allegations in Paragraph 109.

110.     Defendant denies the allegations in Paragraph 110.

111.     Defendant denies the allegations in Paragraph 111.

112.     Defendant denies the allegations in Paragraph 112.

113.     Defendant denies the allegations in Paragraph 113.

114.     Defendant denies the allegations in Paragraph 114.

115.     Defendant denies the allegations in Paragraph 115.

116.     Defendant denies the allegations in Paragraph 116.

117.     Defendant denies the allegations in Paragraph 117.

118.     Defendant denies the allegations in Paragraph 118.

119.     Defendant admits that it has manufactured and distributed the sports trading card reflected in Exhibit 29. Defendant denies that it has manufactured or distributed any sports trading cards that infringe on Plaintiff's alleged intellectual property rights. Except as expressly admitted or denied, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 119, and therefore denies the same.

120.     Defendant admits that it has manufactured and distributed the release boxes reflected in Exhibit 50. Defendant denies that it has manufactured or distributed any release boxes that infringe on Plaintiff's alleged intellectual property rights. Except as expressly admitted or denied, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 120, and therefore denies the same.

121.     Defendant denies that Plaintiff's alleged copyrighted works bear any copyright management information. Except as expressly admitted or denied, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 121, and therefore denies the same.

122.     Defendant denies the allegations in Paragraph 122.

123.     Defendant denies the allegations in Paragraph 123.

124.     Defendant admits that it has manufactured and distributed the sports trading card reflected in Exhibit 29. Defendant denies that it has manufactured or distributed any sports trading cards that infringe on Plaintiff's alleged intellectual property rights. Except as expressly admitted or denied, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 124, and therefore denies the same.

125.     Defendant denies that Plaintiff's alleged copyrighted works bear any copyright management information. Except as expressly admitted or denied, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 125, and therefore denies the same.

126.     Defendant denies the allegations in Paragraph 126.

127.     Defendant admits that it has manufactured and distributed the sports trading card reflected in Exhibit 29. Defendant denies that it has manufactured or distributed any sports trading cards that infringe on Plaintiff's alleged intellectual property rights. Defendant denies that Plaintiff's alleged copyrighted works bear any copyright management information. Except as expressly admitted or denied, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 124, and therefore denies the same.

128.     Defendant denies the allegations in Paragraph 128.

129.     Defendant denies the allegations in Paragraph 129.

2.     **Alleged DMCA Violations in Digital Trading Cards of AAA Sports Wild Card's Stat Smashers.**

130.     Defendant denies the allegations in Paragraph 130.

131.     Defendant denies that Plaintiff's alleged copyrighted works bear any copyright management information. Except as expressly admitted or denied, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 131, and therefore denies the same.

132.     Defendant denies the allegations in Paragraph 132.

133.     Defendant admits that Exhibit 51 reflects excerpts from the Terms of Use Agreement on the NFL Blitz App. Except as expressly admitted, Defendant denies the allegations in Paragraph 133.

134.     Defendant denies that Plaintiff's alleged copyrighted works bear any copyright management information. Except as expressly admitted or denied, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 131, and therefore denies the same.

135.     Defendant denies the allegations in Paragraph 135.

136.     Defendant admits that it has manufactured and distributed the sports trading card reflected in Exhibit 39. Defendant denies that it has manufactured or distributed any sports trading cards that infringe on Plaintiff's alleged intellectual property rights. Defendant denies that Plaintiff's alleged copyrighted works bear any copyright management information. Except as expressly admitted or denied, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 136, and therefore denies the same.

137.     Defendant admits that it has manufactured and distributed the digital sports trading card reflected in Exhibit 39. Defendant denies that it has manufactured or distributed any sports trading cards that infringe on Plaintiff's alleged intellectual property rights. Defendant denies that Plaintiff's alleged copyrighted works bear any copyright management information. Except as

expressly admitted or denied, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 137, and therefore denies the same.

138. Defendant denies that Plaintiff's alleged copyrighted works bear any copyright management information. Except as expressly denied, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 138, and therefore denies the same.

139. Defendant denies the allegations in Paragraph 139.

140. Defendant denies the allegations in Paragraph 140.

141. Defendant admits that it has manufactured and distributed the digital sports trading card reflected in Exhibit 37 at 9. Defendant denies that it has manufactured or distributed any sports trading cards that infringe on Plaintiff's alleged intellectual property rights. Defendant denies that Plaintiff's alleged copyrighted works bear any copyright management information. Except as expressly admitted or denied, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 141, and therefore denies the same.

142. Defendant admits that it has manufactured and distributed the digital sports trading card reflected in Exhibit 39. Defendant denies that it has manufactured or distributed any sports trading cards that infringe on Plaintiff's alleged intellectual property rights. Defendant denies that Plaintiff's alleged copyrighted works bear any copyright management information. Except as expressly admitted or denied, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 142, and therefore denies the same.

143. Defendant denies that Plaintiff's alleged copyrighted works bear any copyright management information. Except as expressly admitted or denied, Defendant lacks knowledge or

information sufficient to form a belief about the truth of the allegations in Paragraph 143, and therefore denies the same.

144.     Defendant denies the allegations in Paragraph 144.

145.     Defendant admits that it has manufactured and distributed the digital sports trading card reflected in Exhibit 37 at p. 9. Defendant denies that it has manufactured or distributed any sports trading cards that infringe on Plaintiff's alleged intellectual property rights. Defendant denies that Plaintiff's alleged copyrighted works bear any copyright management information. Except as expressly admitted or denied, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 145, and therefore denies the same.

146.     Defendant admits that it has manufactured and distributed the digital sports trading card reflected in Exhibit 39. Defendant denies that it has manufactured or distributed any sports trading cards that infringe on Plaintiff's alleged intellectual property rights. Defendant denies that Plaintiff's alleged copyrighted works bear any copyright management information. Except as expressly admitted or denied, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 146, and therefore denies the same.

147.     Defendant admits that it has manufactured and distributed digital sports trading cards. Defendant denies that it has manufactured or distributed any sports trading cards that infringe on Plaintiff's alleged intellectual property rights. Except as expressly admitted or denied, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 147, and therefore denies the same.

148.     Defendant admits that it has manufactured and distributed digital sports trading cards. Defendant denies that it has manufactured or distributed any sports trading cards that infringe on Plaintiff's alleged intellectual property rights. Except as expressly admitted or denied,

Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 148, and therefore denies the same.

149.    Defendant admits that Exhibit 35 reflects screen shots from the NFL Blitz mobile app. Defendant denies the remaining allegations in Paragraph 149.

150.    Defendant denies the allegations in Paragraph 150.

> **3.    Allegations of DMCA Violations in Printing Plates of AAA Sports Wild Card's Stat Smasher.**

151.    Defendant denies the allegations in Paragraph 151.

152.    Defendant denies that Plaintiff's alleged copyrighted works bear any copyright management information. Except as expressly denied, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 152, and therefore denies the same.

153.    Defendant admits that it has manufactured and distributed the printing plate reflected in Exhibit 41. Except as expressly admitted, Defendant denies the allegations in Paragraph 153.

154.    Defendant denies that Plaintiff's alleged copyrighted works bear any copyright management information. Except as expressly denied, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 154, and therefore denies the same.

155.    Defendant denies the allegations in Paragraph 155.

156.    Defendant admits that it has manufactured and distributed the printing plate reflected in Exhibit 41. Defendant denies that it has manufactured or distributed any printing plates that infringe on Plaintiff's alleged intellectual property rights. Defendant denies that Plaintiff's alleged copyrighted works bear any copyright management information. Except as expressly

admitted or denied, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 156, and therefore denies the same.

157.     Defendant denies that Plaintiff's alleged copyrighted works bear any copyright management information. Except as expressly denied, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 157, and therefore denies the same.

158.     Defendant denies the allegations in Paragraph 158.

159.     Defendant denies the allegations in Paragraph 159.

160.     Defendant denies the allegations in Paragraph 160.

161.     Defendant admits that it has manufactured and distributed the printing plate reflected in Exhibit 41. Defendant denies that it has manufactured or distributed any printing plates that infringe on Plaintiff's alleged intellectual property rights. Defendant denies that Plaintiff's alleged copyrighted works bear any copyright management information. Except as expressly admitted or denied, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 161, and therefore denies the same.

162.     Defendant admits that it has manufactured and distributed the printing plate reflected in Exhibit 41. Defendant denies that it has manufactured or distributed any printing plates that infringe on Plaintiff's alleged intellectual property rights. Defendant denies that Plaintiff's alleged copyrighted works bear any copyright management information. Except as expressly admitted or denied, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 162, and therefore denies the same.

163.     Defendant denies that Plaintiff's alleged copyrighted works bear any copyright management information. Except as expressly admitted or denied, Defendant lacks knowledge or

information sufficient to form a belief about the truth of the allegations in Paragraph 163, and therefore denies the same.

164.     Defendant denies the allegations in Paragraph 164.

165.     Defendant denies the allegations in Paragraph 165.

166.     Defendant admits that it has manufactured and distributed the printing plate reflected in Exhibit 41. Defendant denies that it has manufactured or distributed any sports printing plates that infringe on Plaintiff's alleged intellectual property rights. Defendant denies that Plaintiff's alleged copyrighted works bear any copyright management information. Except as expressly admitted or denied, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 166, and therefore denies the same.

167.     Defendant denies the allegations in Paragraph 167.

168.     Defendant denies the allegations in Paragraph 168.

## 4.     Alleged DMCA Violations in Printed Publications of AAA Sports Wild Card's Stat Smashers

169.     Defendant denies the allegations in Paragraph 169.

170.     Defendant denies that Plaintiff's alleged copyrighted works bear any copyright management information. Except as expressly denied, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 170, and therefore denies the same.

171.     Defendant denies the allegations in Paragraph 171.

172.     Defendant admits that Exhibits 23, 43, and 44 reflect materials posted on Defendant's blog. Defendant denies the remaining allegations in Paragraph 172.

173.     Defendant denies that Plaintiff's alleged copyrighted works bear any copyright management information. Except as expressly denied, Defendant lacks knowledge or information

sufficient to form a belief about the truth of the allegations in Paragraph 173, and therefore denies the same.

174.     Defendant denies the remaining allegations in Paragraph 174.

175.     Defendant denies the remaining allegations in Paragraph 175.

176.     Defendant admits that Exhibits 23, 43, and 44 reflect materials posted on Defendant's blog. Defendant denies the remaining allegations in Paragraph 176.

177.     Defendant denies that Plaintiff's alleged copyrighted works bear any copyright management information. Except as expressly denied, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 177, and therefore denies the same.

178.     Defendant denies the allegations in Paragraph 178.

179.     Defendant admits that Exhibits 23, 43, and 44 reflect materials posted on Defendant's blog. Defendant denies the remaining allegations in Paragraph 179.

180.     Defendant denies the allegations in Paragraph 180.

181.     Defendant denies the allegations in Paragraph 178.

**B.     Alleged Violations of the DMCA Based on Panini's Unauthorized Derivative Works of AAA Sports' Copyrighted Works**

182.     Defendant denies the allegations in Paragraph 182.

**1.     Alleged DMCA Violations in Physical Trading Cards of AAA Sports Wild Card's Stat Smashers.**

183.     Defendant denies the allegations in Paragraph 183.

184.     Defendant denies the allegations in Paragraph 184.

185.     Defendant denies the allegations in Paragraph 185.

186.    Defendant denies that Plaintiff's alleged copyrighted works bear any copyright management information. Except as expressly denied, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 186, and therefore denies the same.

187.    Defendant denies the allegations in Paragraph 187.

188.    Defendant denies the allegations in Paragraph 188.

189.    Defendant denies the allegations in Paragraph 189.

190.    Defendant denies the allegations in Paragraph 190.

191.    Defendant denies the allegations in Paragraph 191.

192.    Defendant denies the allegations in Paragraph 192.

193.    Defendant denies the allegations in Paragraph 193.

194.    Defendant denies the allegations in Paragraph 194.

195.    Defendant denies the allegations in Paragraph 195.

196.    Defendant denies the allegations in Paragraph 196.

197.    Defendant denies the allegations in Paragraph 197.

198.    Defendant denies the allegations in Paragraph 198.

199.    Defendant admits that it has manufactured and distributed the sports trading cards reflected in Exhibit 46. Defendant denies that it has manufactured or distributed any sports trading cards that infringe on Plaintiff's alleged intellectual property rights. Defendant denies that Plaintiff's alleged copyrighted works bear any copyright management information. Except as expressly admitted or denied, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 199, and therefore denies the same.

200.     Defendant admits that it has manufactured and distributed the sports trading cards boxes reflected in Exhibit 52. Except as expressly admitted, Defendant denies the allegations in Paragraph 200.

201.     Defendant denies the allegations in Paragraph 201.

202.     Defendant denies the allegations in Paragraph 202.

   **2.     Alleged DMCA Violations in Digital Trading Cards of AAA Sports Wild Card's Stat Smashers.**

203.     Defendant denies the allegations in Paragraph 203.

204.     Defendant denies that Plaintiff's alleged copyrighted works bear any copyright management information. Except as expressly denied, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 204, and therefore denies the same.

205.     Defendant denies the allegations in Paragraph 205.

206.     Defendant denies the allegations in Paragraph 206.

207.     Defendant admits that Exhibit 51 reflects excerpts from the Terms of Use Agreement on the NFL Blitz App. Except as expressly admitted, Defendant denies the allegations in Paragraph 133.

208.     Defendant denies the allegations in Paragraph 208.

209.     Defendant denies the allegations in Paragraph 209.

210.     Defendant denies the allegations in Paragraph 210.

211.     Defendant denies the allegations in Paragraph 211.

212.     Defendant denies the allegations in Paragraph 212.

213.     Defendant denies the allegations in Paragraph 213.

214.     Defendant denies the allegations in Paragraph 214.

215.     Defendant denies the allegations in Paragraph 215.

216.     Defendant denies the allegations in Paragraph 216.

217.     Defendant admits that it has manufactured and distributed the sports trading cards reflected in Exhibit 49 at p. 9. Defendant denies that it has manufactured or distributed any sports trading cards that infringe on Plaintiff's alleged intellectual property rights. Defendant denies that Plaintiff's alleged copyrighted works bear any copyright management information. Except as expressly admitted or denied, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 199, and therefore denies the same.

218.     Defendant admits that it manufactures and distributes sports trading cards. Defendant denies that it has manufactured or distributed any sports trading cards that infringe on Plaintiff's alleged intellectual property rights. Defendant denies that Plaintiff's alleged copyrighted works bear any copyright management information. Except as expressly admitted or denied, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 218, and therefore denies the same.

219.     Defendant admits that it manufactures and distributes digital sports trading cards. Defendant denies that it has manufactured or distributed any sports trading cards that infringe on Plaintiff's alleged intellectual property rights. Defendant denies that Plaintiff's alleged copyrighted works bear any copyright management information. Except as expressly admitted or denied, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 219, and therefore denies the same.

220.     Defendant admits that it has manufactured and distributed the digital sports trading cards reflected in Exhibit 49 at p. 9. Defendant denies that it has manufactured or distributed any sports trading cards that infringe on Plaintiff's alleged intellectual property rights. Defendant

denies that Plaintiff's alleged copyrighted works bear any copyright management information. Except as expressly admitted or denied, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 199, and therefore denies the same.

221.    Defendant denies the allegations in Paragraph 221.

## VII.   COUNT ONE
### ALLEGED COPYRIGHT INFRINGEMENT UNDER THE COPYRIGHT ACT
### (17 U.S.C. §§ 501 *ET SEQ.*)

222.    Defendant denies the allegations in Paragraph 221.

223.    Defendant admits that copyright infringement is prohibited under the Copyright Act. Defendant denies the remaining allegations in Paragraph 223.

224.    Defendant denies the allegations in Paragraph 224.

225.    Defendant denies the allegations in Paragraph 225.

226.    Defendant denies the allegations in Paragraph 226.

227.    Defendant denies the allegations in Paragraph 227.

228.    Defendant denies the allegations in Paragraph 228.

229.    Defendant denies the allegations in Paragraph 229.

230.    Defendant denies the allegations in Paragraph 230.

231.    Defendant denies the allegations in Paragraph 231.

232.    Defendant denies the allegations in Paragraph 232.

233.    Defendant denies the allegations in Paragraph 233.  Plaintiff is not entitled to or eligible for statutory damages in view that the alleged infringement by Defendant pre-dates the registration dates of copyright registrations which Plaintiff has asserted concerning its alleged copyrighted works.

234.     Defendant denies the allegations in Paragraph 234.  Plaintiff is not entitled to or eligible for its attorney fees and costs in view that the alleged infringement by Defendant pre-dates the registration dates of copyright registrations which Plaintiff has asserted concerning its alleged copyrighted works.

235.     Defendant denies the allegations in Paragraph 235.

## VII.    COUNT ONE
## ALLEGED VIOLATION OF THE DMCA
### (17 U.S.C. §§ 1201-03 *ET SEQ.*)

236.     Defendant denies the allegations in Paragraph 236.

237.     Defendant admits that Paragraph 237 provides a partial definition of copyright management information, as et forward in 17 U.S.C. § 1202(c)(1)-(7).

238.     Defendant denies the allegations in Paragraph 238.

239.     Defendant denies the allegations in Paragraph 239.

240.     Defendant denies the allegations in Paragraph 240.

241.     Defendant denies the allegations in Paragraph 241.

242.     Defendant denies the allegations in Paragraph 242.

243.     Defendant denies the allegations in Paragraph 243.

244.     Defendant denies the allegations in Paragraph 244.

## IX.
## PLAINTIFF'S REQUEST FOR IMPOUNDING AND DESTRUCTION OF ALL INFRINGING COPIES

245.     Defendant denies the allegations in Paragraph 245.

246.     Defendant denies that Plaintiff is entitled to the relief requested in Paragraph 246.

247.     Defendant denies that Plaintiff is entitled to the relief requested in Paragraph 246.

## X.
## PLAINTIFF'S APPLICATION FOR PERMANENT INJUNCTION

248.   Defendant denies the allegations in Paragraph 245.

249.   Defendant denies that Plaintiff is entitled to the relief requested in Paragraph 249.

250.   Defendant denies that Plaintiff is entitled to the relief requested in Paragraph 250.

251.   Defendant denies that Plaintiff is entitled to the relief requested in Paragraph 251.

## XI.
## PLAINTIFF'S PRAYER FOR RELIEF

252.   Defendant denies that Plaintiff is entitled to the relief requested in Paragraph 252.

253.   Defendant denies that Plaintiff is entitled to the relief requested in Paragraph 253.

254.   Defendant denies that Plaintiff is entitled to the relief requested in Paragraph 254.

255.   Defendant denies that Plaintiff is entitled to the relief requested in Paragraph 255.

256.   Defendant denies that Plaintiff is entitled to the relief requested in Paragraph 256.

257.   Defendant denies that Plaintiff is entitled to the relief requested in Paragraph 257.

258.   Defendant denies that Plaintiff is entitled to the relief requested in Paragraph 259.

259.   Defendant denies that Plaintiff is entitled to the relief requested in Paragraph 259.

260.   Defendant denies that Plaintiff is entitled to the relief requested in Paragraph 260.

## XII.   DEMAND FOR JURY TRIAL

261.   Defendant denies that Plaintiff has presented any triable claims. To the extent that the Court advances Plaintiff's claims to a jury trial, Defendant demands a jury trial on its defenses and Counterclaim.

## **GENERAL DENIAL**

1.   Defendant denies each factual allegation in the Complaint that is not specifically admitted or otherwise addressed in the preceding paragraphs and demands strict proof thereof.

## **DEFENSES**

31

Without prejudice to the denials set forth in its responses to paragraphs 1 through 261 of the  Complaint, and without undertaking any of the burdens imposed by law, Defendant alleges and asserts the following additional defenses set forth below in response to Plaintiff's allegations, undertaking the burden of proof only as to those defenses deemed affirmative defenses by operation of law, regardless of how such defenses are denominated herein.

1.      Plaintiff lacks standing to bring this action, including in view of Plaintiff's failure to obtain copyright registrations for the vast majority of trading cards which it alleges are its "Copyrighted Works."

2.      Plaintiff's Complaint fails to state any claims upon which relief can be granted.

3.      Any alleged use by Defendant of Plaintiff's alleged copyrighted works was merely a *de minimis* use and does not constitute copyright infringement.

4.      Plaintiff's claims are barred, in whole or in part, by the doctrine of laches.

5.      Plaintiff's claims are barred, in whole or in part, by the doctrine of waiver.

6.      Plaintiff's claims are barred, in whole or in part, by the doctrine of estoppel.

7.      Plaintiff expressly abandoned any and all copyrights in its Works.

8.      Plaintiff's claims are barred, in whole or in part, on the basis that Plaintiff may not rely on its purported copyright registrations because such registrations are invalid.

9.      Plaintiff's claims are barred, in whole or in part, by the absence of any substantial similarity between Defendant's Works and Plaintiff's alleged copyrighted works as identified in the Complaint.

10.     Plaintiff's claims are barred because its alleged copyright management information is not copyright management information.

11.     Plaintiff's claims are barred because Defendant did not distribute any original copyrighted works, and therefore, did not remove any copyright management information from those works.

12.     Plaintiff's claims are barred because Defendant did not knowingly provide false copyright management information or knowingly distribute false copyright management information. Nor did Defendant intend to induce, enable, facilitate, or conceal its alleged copyright infringement.

13.     Plaintiff's claims are barred because they are based on the inconsistent position that Plaintiff maintains both copyright registrations and copyright management information on the same subject matter.

14.     Plaintiff's claims are barred by Plaintiff's misuse of any alleged copyrights.

15.     Without admitting that the Complaint states a claim, Plaintiff is barred from recovering damages because all of the alleged Copyright violations were innocent violations.

16.     Without admitting that the Complaint states a claim, Plaintiff has suffered no damage in any amount, manner, or at all by reason of any act alleged against Defendant in the Complaint, and the relief prayed for by Plaintiff cannot be granted.

17.     Without admitting that the Complaint states a claim, any remedies are limited to the extent that Plaintiff's claims seek overlapping or duplicative recovery pursuant to the various claims asserted against Defendant.

18.     Plaintiff's claims are barred, in whole or in part, on the basis that Plaintiff has failed to mitigate its damages.

19.     Plaintiff's claims for injunctive relief are barred because Plaintiff cannot show it will suffer irreparable harm from Defendant's alleged acts.

20.     Defendant reserves the right to supplement or amend its defenses, and to assert additional defenses, as the nature and scope of Plaintiff's claims are further developed through discovery.

### JURY DEMAND OF DEFENDANT

Defendant requests a Jury on all triable issues, including pursuant to Fed. R. Civ. P. 38.

### DEFENDANT'S PRAYER FOR RELIEF AS TO THE COMPLAINT

WHEREFORE, Defendant prays for judgment and requests that this Court:

a)     Enter a judgment in favor of Defendant as to all causes of action set forth in the Complaint;

b)     Enter an order dismissing this case with prejudice;

c)     Awarding Defendant its attorney's fees and costs;

d)     Grant such other and further relief to which the Court may deem Defendant to be entitled.

### COUNTERCLAIM

For its counterclaim against Plaintiff, Defendant alleges as follows:

### NATURE OF THE ACTION

1.     Defendant seeks a declaratory judgment that Plaintiff's asserted copyrighted works do not constitute Copyright Management Information ("CMI") as defined in the Digital Millenium Copyright Act.

### PARTIES

2.     Plaintiff E. Hanlin Bavely is the chapter 7 bankruptcy trustee of AAA Sports.

3.     Defendant is a corporation with its principal place of business located at 5325 FAA Boulevard, Suite 100, Irving, Texas 75061.

34

## JURISDICTION AND VENUE

4.      The Court has supplemental jurisdiction over Defendant's counterclaim because such counterclaim arises from the same controversy as the underlying action. 28 U.S.C. §§ 1367.

5.      The Court has federal question jurisdiction over Defendant's counterclaim because said counterclaim arises under the Digital Millennium Copyright Act. 17 U.S.C. §§ 1202-1203.

## FACTS

6.      Plaintiff's claims allege that Plaintiff's sports trading cards and related products are protected not only as copyrighted works but also as Copyright Management Information.

7.      Defendant denies that any of Plaintiff's asserted copyrighted works are Copyright Management Information.

8.      An actual controversy exists between the parties as to whether Defendant's asserted copyrighted works can be classified as Copyright Management Information.

## COUNT I: DECLARATORY JUDGMENT THAT PLAINTIFF'S ASSERTED COPYRIGHTED WORKS AND/OR GRAPHIC ARTWORK ELEMENTS THEREOF DO NOT CONSTITUTE COPYRIGHT MANAGEMENT INFORMATION ("CMI")

9.      Defendant incorporates by reference each and every allegation contained in paragraphs 1 through 8 of its Counterclaim as though fully set forth herein.

10.     Defendant, therefore, seeks a declaratory judgment, pursuant to Federal Rule of Civil Procedure 57 and 28 U.S.C. §§ 2201 and 2202, declaring the rights and interests of Defendant and Plaintiff in connection with Defendant's non-infringement of the Plaintiff's alleged copyrighted works.  More particularly, Defendant requests that this Court declare that Plaintiff's asserted copyrighted works and/or elements thereof including images and graphic art line drawing elements do not constitute Copyright Management Information "CMI" as such information is defined in the Digital Millenium Copyright Act set forth in 17 U.S.C. §§ 1202-1203.

## COUNT II: EXCEPTIONAL CASE

11.     Defendant incorporates by reference each and every allegation contained in paragraphs 1 through 8 of its Counterclaim as though fully set forth herein.

12.     Defendant seeks a declaration that this is an exceptional case within the meaning of 15 U.S.C. § 1117(a), and that the Court award Defendant its reasonable attorneys' fees in defending against Plaintiff's allegations.

## DEMAND FOR JURY TRIAL

Defendant demands a trial by jury of any issues so triable, including as allowed under Rule 38 of the Federal Rules of Civil Procedure.

## PRAYER FOR RELIEF AS TO COUNTERCLAIM

WHEREFORE, Defendant prays for judgment and requests that this Court:

a)     Enter a declaratory judgment against Plaintiff and in favor of Defendant that Plaintiff's asserted copyright works and/or elements thereof including images and graphic art line drawing elements do not constitute Copyright Management Information "CMI" as such information is defined in the Digital Millenium Copyright Act.

b)     Enter judgment in favor of Defendant against Plaintiff that this is an exceptional case under 15 U.S.C. § 1117(a), and that Defendant is entitled to recover its reasonable attorney fees;

c)     Award Defendant its costs, expenses, and interest to which it is justly entitled; and

d)     Grant such other and further relief as the Court may deem just and proper and to which Defendant is entitled.

Dated: March 14, 2022                    Respectfully submitted,

                                         */s/ Charles E. Phipps*
                                         Charles E. Phipps
                                            State Bar No. 00794457
                                            cphipps@lockelord.com
                                         Robert E. Nail
                                             State Bar No. 24025556
                                             rnail@lockelord.com
                                         Seth M. Roberts
                                            State Bar No. 24051255
                                            sroberts@lockelord.com
                                         Chase T. Cobb
                                            State Bar No. 24116208
                                            chase.cobb@lockelord.com
                                         LOCKE LORD LLP
                                         2200 Ross Avenue, Suite 2800
                                         Dallas, Texas  75201
                                         Telephone: (214) 740-8779
                                         Facsimile: (214) 756-8779

                                         Brad C. Knapp
                                            State Bar No. 24060101
                                            bknapp@lockelord.com
                                         LOCKE LORD LLP
                                         601 Poydras, Suite 2660
                                         New Orleans, Louisiana 70130
                                         Telephone: (504) 558-5210

                                         Glenn G. Pudelka (*PHV forthcoming*)
                                            MA State Bar No. 655157
                                            glenn.pudelka@lockelord.com
                                         LOCKE LORD LLP
                                         111 Huntington Avenue
                                         Boston, Massachusetts 02199
                                         Telephone: (617) 239-0371

                                         **ATTORNEYS FOR DEFENDANT
                                         PANINI AMERICA, INC.**

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on March 14, 2022, I electronically filed the foregoing with the Clerk of the District Court using the CM/ECF system, which sent notification of such filing to all counsel of record.

*/s/ Chase T. Cobb*
Robert E. Nail
